UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN VERNARDES,<br><br>                    Petitioner,<br><br>v.<br><br>DHS, et al.,<br><br>                    Respondents. | Case No.: 20-CV-220 JLS (AHG)<br><br>**ORDER DENYING PETITION** |

On October 23, 2019, in the Central District of California, Petitioner Marvin Vernardes filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking to be released from immigration custody. "Petition," ECF No. 1. The United States of America filed an Opposition to the Petition on January 13, 2020. "Opp'n," ECF No. 10. Because Petitioner was at the time confined at the Otay Mesa Detention Center in San Diego, California, the Petition was transferred to this Court on February 4, 2020. ECF No. 13. After reviewing the Parties' arguments and the law, the Court **DENIES** the Petition.

Petitioner is a native and citizen of Honduras. Opp'n at 1. In 2014, while incarcerated in Salt Lake City, Utah, US Marshalls determined that Petitioner was in the United States without valid immigration documents. *Id.* at 1–2. After being taken into ICE custody, Petitioner was removed to Honduras in April 2018. In August 2018, Petitioner was detained in the United States for illegal reentry. *Id.* at 2. On July 15, 2019,

Petitioner was taken into ICE custody. *Id.* During both his 2018 and current detention, Petitioner provided different names and dates of birth. *Id.* at 3. Three months after being taken into ICE custody, Petitioner filed his Petition on the grounds of "prolonged and illegal detention." Petition at 3.

Respondents contend the Petition must be denied because the length of detention is presumptively constitutional. Opp'n at 2. The Court must agree. Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), detentions of less than six months are presumptively constitutional. At the time the Petition was filed, Petitioner had been detained for only three months. And Petitioner has not shown there is "reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Indeed, as Respondents note, any delay in Petitioner's removal is in part a result of Petitioner's use of multiple names and dates of birth. Opp'n at 2 (citing *Lema v. INS*, 341 F.3d 853, 856 (9th Cir. 2003)). In sum, Petitioner has not shown his detention violates any statutes or due process. His Writ of Habeas Corpus is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: August 26, 2020

Hon. Janis L. Sammartino
United States District Judge